**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

United States of America,

        Plaintiff,

v.

Francisco Lara-Hoyos,

        Defendant.

No. 20-08690MJ-003-TUC-JR

**ORDER**

      Pending before the Court is Defendant Lara-Hoyos's Appeal from Magistrate Judge Detention Order. (Doc. 31.) Defendant, who is currently in custody, appeals Magistrate Judge Bruce G. Macdonald's April 23, 2020 order of detention. (Doc. 14.) The order of detention finds that Defendant poses both a flight risk and a danger to the community. (*Id.*) The Government filed a Response opposing Lara-Hoyos's release (Doc. 37) and Defendant replied (Doc. 41). The Court, having conducted de novo review of the record, will affirm the order of detention.

      Defendant is charged with conspiracy to possess with intent to distribute over five kilograms of cocaine in violation of 21 U.S.C. § 846. (Docs. 1, 37.) At the detention hearing before Magistrate Judge Macdonald, Government witness Fabian Pacheco testified to the following allegations: Defendant was arrested on April 15, 2020 after federal agents, who were conducting surveillance of co-defendants Villalobos and

Beltran for suspected drug trafficking activities, observed Defendant Lara-Hoyos meeting with Villalobos and giving him multiple rectangular packages. (Doc. 37 at 2, Doc. 31-1.) Subsequently, agents contacted Villalobos on a traffic stop and found five packages of cocaine in his vehicle. (*Id*.) Agents then contacted Defendant Lara-Hoyos and found five additional one-kilogram packages of cocaine in his possession. (*Id*.) No weapons were found in Lara-Hoyos's vehicle. (Doc. 31-1 at 37.) Lara-Hoyos admitted that he was hired to deliver cocaine or methamphetamine to Villalobos. (*Id*.) A consent search of Lara-Hoyos' residence revealed additional drugs, two loaded firearms, and documentation of narcotics-related transactions dating back to 2017. (*Id*.; Doc. 31-1 at 20-2.) Federal agents had not investigated or observed Defendant Lara-Hoyos prior to his arrest on April 15, 2020. (Doc. 31 at 3.)

The charge against Defendant subjects him to a mandatory minimum term of 10 years of imprisonment, with a maximum of lifetime imprisonment. (Doc. 37 at 5); 21 U.S.C. § 841(b)(1)(A). If the judicial officer finds that there is probable cause to believe that the person has committed an offense calling for a maximum term of imprisonment greater than ten years under the Controlled Substances Act, then the Court shall presume that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community, subject to rebuttal by the defendant. 18 U.S.C. § 3142(e)(3)(A). As did Magistrate Judge Macdonald, this Court finds probable cause to believe that Defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act. (Doc. 14.) Accordingly, the statutory presumption of pretrial detention pursuant to 18 U.S.C. § 3142(e) applies in the instant case.

The rebuttable presumption shifts the burden of production to the defendant, but the burden of persuasion remains with the Government. *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008). Even if a defendant offers evidence to rebut the presumption, the presumption "remains in the case as an evidentiary finding militating against release, to be weighed with other evidence relevant to factors listed in § 3142(g)." *Id.*

If a defendant offers evidence to rebut the presumption, then the Court considers whether the pretrial detention standard is met. 18 U.S.C. § 3142(e)(1) (a defendant will be detained pending trial where "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community"). In making an individualized detention determination, courts consider four factors: (1) the nature and circumstances of the offense; (2) the weight of the evidence; (3) the history and characteristics of the person, including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (4) the nature and seriousness of the danger to the community that would be posed by the person's release. 18 U.S.C. § 3142(g); *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986). Of these factors, the weight of the evidence is the least important. *Winsor*, 785 F.2d at 757. The United States must establish flight risk by a preponderance of the evidence. *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985).

The government has the burden of showing dangerousness by clear and convincing evidence. *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991). The legislative history of the Bail Reform Act states that the concept of "safety be given a broader construction than merely danger of harm involving physical violence." S. Rep. No. 98-225, at 12 (1984), reprinted in 1984 U.S.C.C.A.N. 3182, 3195 (citing *United States v. Provenzano*, 605 F.2d 85, 95-96 (3rd Cir. 1979)). Drug trafficking can constitute a danger to other persons or the community. *See United States v. Strong*, 775 F.2d 504, 507 (3rd Cir. 1985); *see also United States v. Mesher*, 707 F. Supp. 1224, 1225 (D. Or. 1989).

On appeal, Defendant argues that he has rebutted the presumption of detention that attaches to the charge against him. (Doc. 31 at 6.) Defendant argues that he has rebutted the presumption due to the "extremely limited and attenuated connection" he has to this case, and due to the minimal weight of the evidence against him, stating that "much, if

not all the evidence, was obtained following a stop, interrogation, and alleged consent search[.]" (*Id.*) Defendant further argues that the legitimacy of the Government's actions have not been tested by motion or ruled on by the Court, the Defendant has no criminal history, and Defendant's release would pose no danger to the community. (*Id.*)

Defendant argues that the Pretrial Services recommendation of pretrial release pursuant to standard conditions weighs in favor of his release. (*Id.*) Defendant also refers to "breathing difficulties," including asthma and bronchitis, which he asserts place him at greater risk under the circumstances of the COVID-19 pandemic and should weigh against detention. (*Id.* at 3-4.) Defendant also explains that he has lived in Tucson since he was ten years old, he has been married for 13 years to the mother of his three children, his mother and brothers live in the United States, and he has not traveled to Mexico for over ten years. (*Id.* at 3.) He further states that one of his children has autism and that he is employed as a supervisor for a dry wall company, Arizona Wall Board, where he can return to work upon release. (*Id.*)

At the detention hearing before Magistrate Judge Macdonald, the Government argued that Defendant Lara-Hoyos poses a danger to the community due to the presence of  the additional drugs and firearms that were found in his residence, as well as "other evidence of distribution, including scales and packaging material, as well as ledgers, indicating trafficking activity going back to at least 2017." (Doc. 31-1 at 52.) The Government argued that Defendant's drug trafficking activity alone poses a danger to the community and that his possession of firearms only increases his dangerousness. (*Id.*) The Government further argued that Defendant was employed at the time of the offense and therefore his employment will not protect the community. (*Id.*) The Government further argues that Defendant's "tenuous" immigration status supports a finding of dangerousness. (*Id.*)

In response, Defendant argued that Pretrial Services had recommended his release with conditions and that he could abide by those conditions. (*Id.* at 69, 75.) Defendant further argued that he has family members living in the United States and that he resides

in the country legally. (*Id*. at 70, 73.) Further, Defendant has not travelled to Mexico in over ten years. (*Id*. at 71.) Arguing against a finding of dangerousness, Defendant argued that the facts in the case pertaining to the other Defendants, involving criminal activities that he was not involved in, should not be considered in determining his dangerousness. (*Id*. at 71-2.) Further, the weapons found in Defendant's residence were legal, and Defendant was non-resistant in his interactions with agents. (*Id*. at 72-3.) Defendant argued that he had successfully held his job for five years and that his employer agreed to take him back upon his release. (*Id*. at 74.) Defendant further argued that his asthma and breathing difficulties would place him at a greater risk of contracting COVID-19 were he incarcerated. (*Id*.)

Upon a de novo review of the record, the Court finds that Defendant Lara-Hoyos has not rebutted the presumption of detention. Defendant has offered evidence regarding his family and community ties, lack of criminal history, gainful employment, and health conditions. However, this evidence is not sufficient to rebut the presumption of detention because other evidence indicates that Defendant engaged in substantial drug trafficking activities despite these protective factors. The Government has presented evidence, including drugs, weapons, and ledgers located in Defendant's residence, showing that Defendant engaged in significant, ongoing drug trafficking activities for a period of years, despite his family and community ties and gainful employment. Therefore, the Court finds that the Government has carried its burden of persuasion with respect to the presumption of detention.

With respect to Defendant's dangerousness, the Court cannot ignore the fact that, while Defendant was not directly involved in the other criminal activities allegedly conducted by co-defendants, Defendant did, allegedly, coordinate and associate with those co-defendants to conduct the drug transaction in the instant case. The evidence showing Defendant's coordination in the instant case with these individuals who were engaged in narcotics and firearms trafficking shows that Defendant poses a danger to the community. The Court further finds that the nature of Defendant's alleged drug

trafficking activities, particularly his possession of loaded weapons and a significant quantity of drugs, poses a danger to the community. Accordingly, Defendant will be ordered detained.

**IT IS ORDERED** that Defendant Lara-Hoyos's Appeal from Magistrate Judge Detention Order (Doc. 31) is **denied**.  Magistrate Judge Bruce G. Macdonald's Order of Detention (Doc. 14) is **affirmed**. Defendant Francisco Lara-Hoyos shall be **detained** pending trial.

Dated this 10th day of July, 2020.


_____
Honorable Rosemary Márquez
United States District Judge